**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Breyan,<br><br>Plaintiff,<br><br>v.<br><br>McCormick County Detention Center Employees,<br><br>Defendants. | ) | Case No. 2:26-cv-02765-BHH-MGB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Michael Breyan ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action seeking relief pursuant to 42 U.S.C. § 1983 against McCormick County Detention Center Employees ("Defendants"). (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the pleadings in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without leave to amend.

## BACKGROUND

Plaintiff's Complaint alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights based on the following cursory set of facts:

> When I was in McCormick County Detention Center a Judge ordered the Detention Employees to go to [the] computer and change my balance to a[n] amount so when I leave I would get a check for the amount[.] They never did so I need my check for that amount the Judge ordered.

(Dkt. No. 1 at 5, 7.) With respect to relief, Plaintiff asks that Defendants issue his "checks." (*Id.*) This is the extent of Plaintiff's limited Complaint.

**STANDARD OF REVIEW**

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Accordingly, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a plausible claim under § 1983, the plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). In other words,

"a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Courts have routinely held that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" amenable to suit under § 1983. *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020). Thus, a detention center does not constitute a "person" for purposes of § 1983, regardless of whether the plaintiff refers to the physical building or the staff and collection of officials it houses. To that end, vague groups of unidentified individuals employed by a detention center likewise do not constitute "persons" for purposes of § 1983. *See Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required under § 1983); *Hayes v. Florence Cnty. Det. Ctr. Pers.*, No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at *2 (D.S.C. June 2, 2021) (same); *see also Lamb v. Does*, No. 8:09-cv-322-CMC-BHH, 2009 WL 982586, at *2 (D.S.C. Apr. 9, 2009) (explaining, from a practical standpoint, that "staff" cannot be served until "specifically identified" in the complaint). Consequently, Plaintiff cannot maintain a claim against "McCormick County Detention Center Employees" under § 1983.

Nevertheless, even if the Court gave Plaintiff an opportunity to name specific staff members, his allegations regarding the loss of his "checks" still fail to state an actionable claim under § 1983. It is well-established that allegations of lost or stolen property by a state employee are not cognizable under § 1983 where the plaintiff has an adequate state-court remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008). Indeed, the United States Court of Appeals for the Fourth Circuit has held that

a federal district court should deny relief under § 1983 if state law provides the plaintiff with a viable post-deprivation remedy for the loss of personal property—even if the deprivation was caused by an employee of the state. *Yates v. Jamison*, 782 F.2d 1182, 1183–85 (4th Cir. 1986).

Here, Plaintiff's claims regarding the loss of his checks are actionable under the South Carolina Tort Claims Act ("SCTCA"). *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220. The provisions of the SCTCA encompass both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. *See* S.C. Code § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Because Defendants are employees of the McCormick County Detention Center, which is administered by and under the control of the McCormick County Sheriff's Office, their actions are covered under the SCTCA. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (4th Cir. 1989) (explaining that a sheriff's office is considered a state agency in South Carolina).

Accordingly, Plaintiff may file a verified claim of his alleged personal property loss under the Act. *See* S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing an employee whose alleged act or omission gave rise to the claim. . . ."). The undersigned therefore finds that Plaintiff has a viable post-deprivation remedy in state court, and his claims are subject to summary dismissal under § 1983. *See Huertas v. Rhodes*, No. 2:25-cv-3776-SAL-MGB, 2025 WL 3709063, at *5 (D.S.C. Oct. 30, 2025), *adopted*, 2025 WL 3708815 (D.S.C. Dec. 22, 2025) (explaining that because a detainee may

challenge the loss of certain inmate funds by bringing a claim under South Carolina law, he may not pursue the loss under § 1983).

## CONCLUSION

In light of the foregoing, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies identified in his Complaint and therefore **RECOMMENDS** that this action be **DISMISSED** without prejudice and without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 24, 2026
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).