IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Breyan,<br><br>Plaintiff,<br><br>v.<br><br>McCormick County Detention Center Employees,<br><br>Defendants. | Civil Action No. 2:26-cv-2765-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Michael Breyan's *pro se* ("Plaintiff") complaint seeking relief pursuant to 42 U.S.C. § 1983 against McCormick County Detention Center Employees ("Defendants"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On August 24, 2026, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this matter without prejudice and without leave to amend. (ECF No. 8.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff cannot maintain a claim against unidentified detention center employees under § 1983 and that Plaintiff's allegations regarding the loss of his checks fails to state an actionable claim under § 1983. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 8), and the Court summarily dismisses this action without prejudice and without leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 16, 2026
Charleston, South Carolina